## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Alvin L. WOODMANSEE, Attorney at Law.

Supreme Court

*No. 88–0966–D. Filed January 26, 1989.*

(Also reported in 434 N.W.2d 94.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Alvin L. Woodmansee to practice law in Wisconsin be suspended for a period of three years as discipline for misconduct which led to his conviction of fourth-

degree sexual assault on a client. That recommendation was based not only on the seriousness of the misconduct itself, but also on the client's vulnerability, which was known to Attorney Woodmansee, and the great harm his misconduct caused the client.

We determine that the three-year license suspension recommended by the referee is warranted under the circumstances here present. Attorney Woodmansee, on the pretext of providing his client legal advice and in the course of what the client had reason to believe was an attorney-client relationship, took deliberate advantage of the client's mental and emotional state for purposes of his own sexual gratification. In doing so, he violated his professional duty to her as her lawyer and violated the criminal law as well. Because of the client's heightened vulnerability, the harm Attorney Woodmansee caused her by his assault was great. Moreover, it appeared that Attorney Woodmansee lacked the understanding of the gravity of his misconduct and showed no remorse for what he had done.

Attorney Woodmansee was licensed to practice law in Wisconsin in 1955 and, prior to his arrest and conviction as a result of this misconduct, practiced in LaCrosse and Vernon counties. He has not previously been the subject of a disciplinary proceeding. The referee in this proceeding is Attorney Janet Jenkins.

Following a hearing, the referee made the following findings of fact. In 1987 a woman retained Attorney Woodmansee to represent her in a divorce action her husband had commenced. She told Attorney Woodmansee that her husband had abused her sexually, physically and emotionally, that her infant son had recently died of Sudden Infant Death Syndrome and her husband blamed her for the death, and

that as the result she sought counseling and treatment from a psychologist and a psychiatrist and was taking various medications, including anti-depressants and anti-anxiety medication.

The client's primary concern with respect to the divorce action was the issue of custody of her daughter and visitation by the child's father. Fearing the father might kidnap the child, she told Attorney Woodmansee that she wanted visitation prohibited altogether.

On July 16, 1987, Attorney Woodmansee telephoned the client and asked to visit her at her house to bring some papers to her relating to the divorce action. He asked her to arrange that her daughter not be at home so that there would be no interruptions, as there had been at a previous meeting held in his office.

Attorney Woodmansee arrived at the client's home in the early evening and, after discussing aspects of the divorce, including custody and visitation, Attorney Woodmansee approached the client, put his hands on her shoulders and directed her to the bedroom. There he pushed her onto the bed and began to touch her sexually and attempted to remove her clothing. The client protested and struck him with her elbow, whereupon Attorney Woodmansee got up from the bed and left the house.

As a result of that incident, compounded by other problems she had been having, the client experienced severe depression, to the point of becoming suicidal. She sought help from her psychologist, who succeeded in having her enter the hospital. There she showed him a suicide note she had written, which included references to the assault by Attorney Woodmansee. Her psychiatrist later diagnosed her as suffering a post-traumatic stress disorder. The client remained hospitalized for eight days.

The following month, the client met with the district attorney who was assigned to the sexual assault case filed against Attorney Woodmansee. In preparing her testimony for the preliminary examination, the client became frightened and again sought help from her psychiatrist. She told her doctor that she had had recurring nightmares concerning Attorney Woodmansee and the psychiatrist continued her on anti-anxiety and anti-depressant drugs at an increased dosage. The client was again hospitalized briefly in September, 1987. Fortunately, at the time of the hearing in this proceeding, it appeared the client had made a successful recovery from the effects of the assault.

For his part, Attorney Woodmansee was convicted on a reduced charge of fourth-degree sexual assault. The court withheld sentence, placed him on six months' probation and ordered him to serve 60 days in jail.

In making the recommendation for a three-year suspension of Attorney Woodmansee's license as discipline for this misconduct, the referee considered that the client's apparent recovery from the effects of the assault did not mitigate the seriousness of the misconduct or lessen the severity of discipline to be imposed for it. In her report the referee stated, "Attorney Woodmansee deliberately preyed upon a client's fragility in a manner which was not only proscribed by the law he is obligated to uphold, but which also demonstrated a total disregard of the rights, needs and well-being of his client." The referee also noted that Attorney Woodmansee offered no explanation for his misconduct, expressed no feelings of remorse or regret for the harm he caused and appeared "oblivious" to it.

The referee further recommended that Attorney Woodmansee be permitted to petition for the reinstatement of his license after the expiration of two years of the suspension period so that his conduct following suspension can be reviewed and evaluated. We understand that to be a modification of the three-year suspension recommendation such that the suspension will continue for a period of three years unless Attorney Woodmansee's license is earlier reinstated following a proceeding commenced by a petition filed two years or more after the suspension begins. We accept that recommendation and impose discipline accordingly.

IT IS ORDERED that the license of Alvin L. Woodmansee to practice law in Wisconsin is suspended for a period of three years, commencing February 13, 1989, unless earlier reinstated following a reinstatement proceeding commenced by the filing of a petition on or after February 13, 1991.

IT IS FURTHER ORDERED that within 90 days of the date of this order Alvin L. Woodmansee pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Alvin L. Woodmansee to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Alvin L. Woodmansee comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.