IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark W. STRIGENZ, Attorney at Law.

Supreme Court

*No. 93–2455–D. Filed June 29, 1994.*

(Also reported in 517 N.W.2d 190.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that,
as discipline for professional misconduct, the court sus-
pend the license of Mark W. Strigenz to practice law in
Wisconsin for 16 months, with credit given for his vol-
untary cessation of practice while this proceeding was
pending. That misconduct consisted of non-consensual
sexual contact with a client, for which Attorney
Strigenz was convicted of fourth-degree sexual assault,
and lying to police investigators about that conduct.

We determine that the seriousness of Attorney Strigenz' professional misconduct warrants the suspension of his license to practice law for one year, without regard to whether he voluntarily ceased the practice of law prior to the determination of this proceeding. Attorney Strigenz used his professional position to obtain sexual gratification from a client he knew was vulnerable, not only in respect to criminal charges he was defending her against but also in terms of her impaired medical condition, of which he was aware.

Attorney Strigenz was admitted to practice law in Wisconsin in 1987 and commenced practice in Milwaukee in October, 1991. He has not previously been the subject of an attorney disciplinary proceeding. The referee, the Honorable Robert T. McGraw, reserve judge, made findings based on Attorney Strigenz' no contest plea to the complaint of the Board of Attorneys Professional Responsibility.

On June 25, 1992, after a preliminary hearing in which he represented a woman charged with child abuse, Attorney Strigenz initiated non-consensual sexual contact with the client at her apartment. At the time of his arrest, Attorney Strigenz told detectives he had not had any kind of sexual contact with his client and acknowledged that his client was manic depressive and on medication and that he thought she was a suicide risk. Attorney Strigenz was convicted, on an Alford plea, of misdemeanor fourth-degree sexual assault and was given a nine-month stayed sentence, 60 days of which to be served in the House of Correction, and ordered to perform 100 hours of community service and make a $350 contribution to the Milwaukee Women's

Center. The referee concluded that Attorney Strigenz' conduct violated SCR 20:8.4(b) and (c).[1]

IT IS ORDERED that the license of Mark W. Strigenz to practice law in Wisconsin is suspended for a period of one year, effective the date of service of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark W. Strigenz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Mark W. Strigenz to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Mark W. Strigenz comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[1] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;