# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP001170-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Benjamin A. Hanes, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>v.<br><br>Benjamin A. Hanes,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HANES

| | |
|---|---|
| OPINION FILED: | December 9, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1170-D

STATE OF WISCONSIN            :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Benjamin A. Hanes, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

**v.**

**Benjamin A. Hanes,**

      **Respondent.**

**FILED**

**DEC 9, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the report and the supplemental report of Referee Robert E. Kinney, recommending that Attorney Benjamin A. Hanes be suspended for a period of two years for professional misconduct, and that he should pay the full costs of this proceeding, which are $7,704.67 as of March 17, 2020. The referee further recommended that we require Attorney Hanes to fulfill certain conditions before he can seek reinstatement.

¶2 We accept in part the referee's report, as supplemented, and we agree with the referee that the seriousness of Attorney Hanes' misconduct merits a severe sanction. We suspend Attorney Hanes' license to practice law for a period of four years. We impose modified conditions on Attorney Hanes' future reinstatement and we impose the full costs of this proceeding on Attorney Hanes. The Office of Lawyer Regulation (OLR) did not seek restitution and no restitution is ordered.

¶3 Attorney Hanes was admitted to the practice of law in Wisconsin in 2011. He worked as an assistant district attorney or contract assistant district attorney in Waushara, Winnebago, and Calumet counties. Attorney Hanes has not previously been the subject of professional discipline. On October 31, 2017 his license to practice law in Wisconsin was administratively suspended for failure to pay state bar dues and certify trust account information. On May 22, 2018, his license to practice law was further administratively suspended for failure to comply with continuing legal education requirements. Attorney Hanes' law license remains suspended.

¶4 On June 27, 2019, the OLR filed a four-count disciplinary complaint against Attorney Hanes based on criminal conduct he committed in August 2016 and January 2017. The OLR's complaint alleged that: (1) by engaging in conduct leading to a Columbia County misdemeanor criminal conviction for fourth-degree sexual assault, Attorney Hanes violated Supreme Court

Rule (SCR) 20:8.4(b) (Count One);[1] (2) by failing to notify the OLR of his Columbia County misdemeanor criminal conviction, Attorney Hanes violated SCR 21.15(5),[2] enforceable via SCR 20:8.4(f) (Count Two);[3] (3) by engaging in conduct leading to three Calumet County felony criminal convictions for second-degree recklessly endangering safety, fleeing/eluding an officer, and bail jumping, Attorney Hanes violated SCR 20:8.4(b) (Count Three); and (4) by failing to notify the OLR of his Calumet County felony criminal convictions, Attorney Hanes violated SCR 21.15(5), enforceable via SCR 20:8.4(f). The OLR sought a 90-day license suspension.

¶5 Referee Kinney was appointed and conducted a scheduling conference. After that conference, the parties

---

[1] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[2] SCR 21.15(5) provides:

An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[3] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

submitted a stipulation and no contest plea to the referee. Attorney Hanes agreed that the referee could use the complaint as an adequate factual basis for a determination of the alleged misconduct, on the understanding the referee would recommend the level of discipline sought by the OLR director, namely, a 90-day suspension of his law license.

¶6   The referee conducted a hearing on the proposed stipulation on October 29, 2019.  At the hearing, the referee noted the absence of underlying information pertaining to the criminal convictions and asked Attorney Hanes, "Do you wish to share the documentation that's in these criminal files with me?" Attorney Hanes declined to share the information.  Attorney Hanes attributed his misconduct, in part, to an anxiety disorder but offered no additional evidence to substantiate that statement.

¶7   The referee issued a report and recommendation on January 22, 2020.  The referee deemed the proposed 90-day license suspension grossly inadequate.  The referee expressed frustration with the scant factual record before him, which did not include the underlying criminal complaints, witness statements, or transcripts from the underlying criminal proceedings.  After explaining how this underdeveloped record hampered his task of making an informed recommendation, the referee recommended a two-year license suspension, based primarily on In re Disciplinary Proceedings Against Evenson, 2015 WI 38, 361 Wis. 2d 629, 861 N.W.2d 786.

4

¶8 The OLR filed a motion to supplement the record and a motion for reconsideration. The OLR identified no error in the referee's report and did not ask the referee to alter his recommendation. Rather, the OLR stated that it had failed, inadvertently, to introduce the transcripts of the plea and sentencing hearings from Attorney Hanes' two criminal cases. It provided that information and also explained its recommendation for a 90-day suspension, citing numerous prior disciplinary cases, as support.

¶9 After receiving no objection from Attorney Hanes, the referee granted the OLR's motion and reopened and supplemented the record with the additional information, some of which we recount here.

¶10 According to the record, as supplemented, on August 26, 2016, Attorney Hanes and others went out for dinner and drinks. Afterward, the group returned to an apartment, where a woman in the group fell asleep on a couch. While she was sleeping, Attorney Hanes sexually assaulted her. After she woke up, Attorney Hanes again assaulted her. The woman left and reported the assault to police. On August 29, 2016, Attorney Hanes was charged with one felony count of second-degree sexual assault of an unconscious victim and one misdemeanor count of fourth-degree sexual assault. State v. Hanes, Columbia County Case No. 2016CF412.

¶11 On July 20, 2018, Attorney Hanes was convicted of misdemeanor fourth-degree sexual assault; the felony count was dismissed. He was sentenced to one-year probation and was

assessed costs and restitution. Attorney Hanes was also enjoined from contact with the victim.

¶12 Attorney Hanes failed to report his Columbia County criminal conviction to the OLR.

¶13 Meanwhile, on January 4, 2017, while released on bail in the Columbia County case, Attorney Hanes was pulled over by a Calumet County sheriff for erratic driving. Attorney Hanes' driver's license was revoked at the time and, during the stop, the sheriff noticed items in the vehicle commonly associated with drug use.

¶14 After disobeying the sheriff's command to exit his car, Attorney Hanes drove off and a high speed chase ensued. When law enforcement finally cornered Attorney Hanes, he tried to flee on foot; he was ultimately subdued by a Taser. At his sentencing hearing it was noted that Attorney Hanes:

> [s]werved into oncoming traffic a number of - on a number of occasions, blew through a red light - blew through two red lights . . ..
>
> [a]nd then even after the defendant's vehicle was partially boxed in, the defendant did still try to leave, and that's when the window was shattered, his driver's side window was shattered ultimately stopping the vehicle . . ..
>
> Ultimately he was tased on the ground because of his level of noncompliance and the inability to get him to stop moving and stop fighting.

¶15 On January 5, 2017, Attorney Hanes was charged with second-degree recklessly endangering safety, fleeing/eluding an officer, and bail jumping, all felonies. He was also charged with two misdemeanor counts: resisting/obstructing an officer

6

and operating while revoked.  State v. Hanes, Calumet County Case No. 2017CF002.

¶16  On December 12, 2017, Attorney Hanes was convicted of three felonies: second-degree recklessly endangering safety, fleeing/eluding an officer, and bail jumping.  The two misdemeanor counts were dismissed but read in.  Attorney Hanes was sentenced to one year in jail with six months of that time stayed, and three years of probation.  He was ordered to pay costs and cooperate with the OLR.

¶17  Attorney Hanes failed to report his Calumet County criminal convictions to the OLR.

¶18  In February 2020, after receiving the factual background information recounted above, the referee issued a supplemental report and recommendation.  Clearly, the referee was not mollified by the OLR's motion to supplement the record. The referee criticized the OLR's method of trying to "average" sanctions imposed in prior cases and expressed skepticism about the OLR's claim that it typically files underlying documentation when a complaint is predicated on a criminal conviction.  The referee maintained his earlier determination that the Evenson case, which imposed a 30-month suspension, was the most instructive precedent.

¶19  In Evenson, the lawyer approached an obviously intoxicated young woman outside a bar one night.  She agreed to leave with the lawyer and he provided her "Molly" (commonly, known as "ecstasy") and they had sexual intercourse at his law office.  Attorney Evenson then took her to his home where they

had more alcohol and again engaged in sexual intercourse. The next day, the woman awoke bruised, and had difficulty recalling what had happened. She notified police.

¶20 Attorney Evenson eventually pled guilty to one count of felony delivery of a schedule I drug and two counts of fourth-degree sexual assault. His sentence was stayed, and he was placed on probation for three years, with a condition of nine months in the county jail. A disciplinary proceeding followed; this court accepted a stipulation and imposed a 30-month license suspension.

¶21 The referee acknowledged factual distinctions between this case and Evenson, but wrote that it was difficult to reconcile "the OLR's recommendation for a three-month suspension here with its recommendation for a 30-month suspension in Evenson." The referee reaffirmed his recommendation for a two-year license suspension and the imposition of full costs. Given evidence of Attorney Hanes' substance abuse, the referee further recommended that "upon the filing of a petition for reinstatement, Attorney Hanes should be required to show that he has successfully completed an AODA treatment program and has maintained complete sobriety for at least the previous one year prior to filing his petition."[4]

---

[4] During his sentencing hearing in the Calumet County case, Attorney Hanes acknowledged that he had been required to attend an intensive outpatient treatment but did not complete the program.

¶22 No appeal was filed, so we consider the referee's report and supplemental report under SCR 22.17(2). This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶23 By order dated June 19, 2020, this court issued an order directing the parties to show cause why this court should not suspend Attorney Hanes' law license for at least two years and impose the full costs of this proceeding upon Attorney Hanes. The OLR filed a response on July 2, 2020, standing by its initial recommendation for a 90-day license suspension. Attorney Hanes did not respond.

¶24 There is no showing that the referee's findings of fact are clearly erroneous and we adopt them. We turn to the referee's conclusion that Attorney Hanes violated the Supreme Court Rules set forth above. The referee explicitly found that the allegations contained in the OLR's complaint constitute an adequate factual basis for the four counts of attorney misconduct.

¶25 A criminal conviction is not per se evidence of misconduct. In re Disciplinary Proceedings Against Johns, 2014 WI 32, 353 Wis. 2d 746, 847 N.W.2d 179 (holding that lawyer's conduct did not violate SCR 20:8.4(b) in light of the record

evidence indicating, among other things, the exceedingly anomalous nature of the lawyer's conduct). We consider independently whether each of the criminal acts committed by Attorney Hanes reflects adversely on his honesty, trustworthiness, or his "fitness as a lawyer in other respects." In re Disciplinary Proceedings Against Horsch, 2020 WI 10, 390 Wis. 2d 99, 937 N.W.2d 925.

¶26 This is a fact-dependent inquiry. The ABA Comment [2] to SCR 20:8.4 provides some guidance as to what crimes reflect adversely on fitness as a lawyer. It states, inter alia:

> Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate [a] lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

¶27 We have no difficulty concluding that Attorney Hanes' criminal acts, which involved sexual contact without consent and behavior that "endangered the public and law officers," reflect adversely on Attorney Hanes' fitness as a lawyer. We affirm the

referee's conclusion that Attorney Hanes committed the professional misconduct as alleged in the complaint.[5]

---

[5] The referee raised certain concerns in his reports. It is clear that the parties expected to conclude this matter swiftly, by stipulation. This goal was hampered by a skeletal complaint, a sparse record, and a disciplinary recommendation that the referee deemed seriously inadequate. The referee's irritation with this case is palpable. In the 26 pages that comprise his report and supplemental report he describes at length his frustration with crafting a sanction with what he considered insufficient information. The referee suggests that the OLR should be required to "file copies of the entire criminal proceedings, including transcripts of sentencing hearings, **in all cases where the allegations of professional misconduct are based on criminal convictions**." (Emphasis in original). He suggests that our rules fail to provide guidance for considering comprehensive stipulations, stating that "it is unclear what the job of the referee is." He raises a litany of questions, such as "If the parties agree to everything, as here, may the hearing be dispensed with altogether?"; and "But what, then, is the proper role of the referee in this situation?"; and "But how is this [review] to be accomplished if no hearing has been held, or a hearing has been held but only very limited?"; and "Was the referee too cautious?"; and "Could and should the referee have called the custodian of the criminal files in Columbia and Calumet Counties?" He suggests possible amendments to the Supreme Court Rules, see, e.g., Supp. Referee Report at 8, fn. 5 ("the easiest solution would be to amend SCR 22.12 . . . ").

The terms of a stipulation may guide the manner in which a referee conducts a proceeding but the referee's role remains the same: to make factual findings, independent conclusions of law regarding alleged misconduct, and an independent recommendation as to discipline which may include conditions or restitution, as appropriate. See, e.g., SCR 21.08(3); In re Disciplinary Proceedings Against Stern, 2013 WI 46, 347 Wis. 2d 552, 830 N.W.2d 674; Referee Handbook 2.N.(2). If a record before the referee is inadequate to permit the referee to fulfill all or part of this charge, a referee may reject a stipulation, order additional briefing, or advise the parties that an evidentiary hearing or evidentiary submissions will be required.

11

¶28 We turn to the recommended sanction. We firmly agree with the referee that the proposed 90-day suspension was too low; indeed, we are surprised that the OLR continues to defend its recommendation. A suspension of such brevity would unduly depreciate the seriousness of Attorney Hanes' misconduct, namely convictions for sexual assault and recklessly endangering safety, which caused harm to the victim and put the lives of law enforcement personnel and the public at risk. We also agree with the referee's assessment of the aggravating and mitigating factors, including the referee's determination that Attorney Hanes' anxiety is not a mitigating factor in this case, given the absence of evidence sufficient to find a causal connection between any medical condition and the misconduct.[6] In re Disciplinary Proceedings Against Morse, 2019 WI 53, 386 Wis. 2d 654, 927 N.W.2d 543. On consideration of the record, the report, and the OLR's response to our order to show cause, we have determined that a four-year suspension is appropriate.

¶29 The Evenson case, imposing a 30-month suspension, provides the most instructive precedent. Attorney Evenson's misconduct stemmed from his conviction for, inter alia, fourth-degree sexual assault of a vulnerable individual who was not his client. Other caselaw confirms that severe sanctions are appropriate when attorneys engage in predatory sexual misconduct

---

[6] We agree, further, that the evidence of substance abuse merits the imposition on certain conditions should Attorney Hanes seek reinstatement of his law license. We have modified the proposed conditions to include the involvement of the Wisconsin Lawyers Assistance Program.

against a vulnerable individual.  In In re Disciplinary Proceedings Against Voss, 2011 WI 2, 331 Wis. 2d 1, 795 N.W.2d 415, the OLR filed a disciplinary complaint against an attorney accused of engaging in sexual relations with a female client who had an extensive and severe history of various psychiatric disorders and alcohol dependency; she was the subject of a series of emergency detentions and chapter 51 commitments.  The client eventually told her case worker that Attorney Voss had sexually assaulted her.  When the matter was reported, Attorney Voss sought to persuade his client, her family, and two circuit court judges not to pursue criminal charges, disclosing embarrassing personal information about the client.  Ultimately, no criminal charges were filed but the referee concluded Attorney Voss had committed five counts of professional misconduct and recommended a one-year license suspension.

¶30 We suspended Attorney Voss for four years and eight months, imposed a no contact order, and ordered the entire file and record in this matter remain confidential and sealed.  We said:  "Although we ultimately chose not to revoke his license to practice law, a lengthy suspension is required to effectuate the purposes of Wisconsin's attorney regulatory system.  A lesser sanction would unduly depreciate the seriousness of Attorney Voss's misconduct."  Id., ¶¶33-34, 39 (citing In re Disciplinary Proceedings Against Woodmansee, 147 Wis. 2d 837, 434 N.W.2d 94 (1989) (imposing three-year suspension upon lawyer who engaged in coercive sexual behavior with a vulnerable

13

client, resulting in conviction for fourth-degree sexual assault).

¶31 The cases cited by the OLR do not persuade us that a lesser sanction is merited. We note that aside from Evenson, few of those cases involved sexual assault, and In re Disciplinary Proceedings Against Strigenz, 185 Wis. 2d 370, 517 N.W.2d 190 (1994) (imposing one-year suspension for non-consensual sexual contact with a vulnerable victim, resulting in a conviction for fourth-degree sexual assault) dates from 1994. As the New Jersey Supreme Court observed when rendering a disciplinary decision against an attorney who committed sexual misconduct:

> We have traveled a far way from tolerance of sexual misconduct in the workplace and in our profession. We recognize the psychological damage that can be inflicted on the victims of sexual abuse, who silently suffer and do not complain because they feel powerless to do so. The sexual abuse of a client is unacceptable in any profession and in any business setting, and cannot be tolerated in our profession, which holds as sacred the dignity of the individual.
>
> . . .
>
> Attorneys who commit sexual crimes against their clients take from their victims something more profound than money or goods; they take from their victims their dignity and psychological well-being. Such conduct is grossly incompatible with the standards of professionalism expected of attorneys.

In Re Gallo, 178 N.J. 115 (2003) (imposing three-year suspension on attorney found guilty of various sexual crimes with four different client-victims). We acknowledge that the individual Attorney Hanes sexually assaulted was not his client, a

14

distinction that is relevant because a lawyer-client relationship implicates additional ethical concerns. Nonetheless, his conduct – which included not only sexual assault but a separate incident of criminally reckless conduct that jeopardized the lives of law enforcement officers and the public - is "grossly incompatible with the standards of professionalism expected of attorneys." Id. The seriousness of Attorney Hanes' misconduct merits a four-year suspension.

¶32 Finally, we consider whether we should impose the full costs of this proceeding on Attorney Hanes. We have considered the matter and have determined that it is appropriate to impose the full costs of this proceeding on Attorney Hanes.

¶33 IT IS ORDERED that the license of Benjamin A. Hanes to practice law in Wisconsin is suspended for a period of four years, effective the date of this order.

¶34 IT IS FURTHER ORDERED that Benjamin A. Hanes' administrative suspensions for failure to pay State Bar dues, noncompliance with continuing legal education requirements, and failure to submit the required trust account certification to the State Bar shall remain in effect until the reason for each such suspension has been rectified.

¶35 IT IS FURTHER ORDERED that within 60 days of the date of this order, Benjamin A. Hanes shall pay to the Office of Lawyer Regulation the full costs of this proceeding, which are $7,704.67 as of March 17, 2020.

¶36 IT IS FURTHER ORDERED that, to the extent that he has not already done so, Benjamin A. Hanes shall comply with the

15

provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶37 IT IS FURTHER ORDERED that any future reinstatement of Benjamin A. Hanes' law license will be conditioned upon:

- Providing evidence and documentation to the Office of Lawyer Regulation, demonstrating that, at least one year prior to his petition for reinstatement Benjamin A. Hanes participated, at his own expense, in an alcohol and other drug abuse and mental health assessment by a Wisconsin Lawyers Assistance Program approved provider.

- Providing evidence demonstrating that he has complied and remains compliant with any specific written recommendations for treatment or maintenance as a result of that assessment, including compliance with all monitoring requirements, if any, deemed appropriate by the Wisconsin Lawyers Assistance Program or other monitor designated by the Office of Lawyer Regulation, which may include the requirement to refrain from the consumption of alcohol and any mood-altering drugs without a valid prescription while subject to monitoring.

- Providing signed medical releases of confidentiality for each treatment provider who is providing or has provided to Benjamin A. Hanes within the last two years any treatment, assessment, or services related

16

to alcohol or substance abuse, such releases to remain in effect for two years from the date of signature.

- Acknowledging that any future reinstatement may be subject to further conditions, including monitoring.