In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David G. STOKES, Attorney at Law.

Supreme Court

*No. 94–1786–D. Filed February 9, 1995.*

(Also reported in 526 N.W.2d 507.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney publicly reprimanded.*

We review the recommendation of the referee that the court publicly reprimand Attorney David G. Stokes as discipline for his incompetent representation of a criminal defendant appealing his conviction, failing to keep his client reasonably informed of the status of his matter and comply with the client's reasonable requests for information and failing to explain the client's legal matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. We determine that the recommended reprimand is appropriate discipline for Attorney Stokes' professional misconduct.

Attorney Stokes was admitted to practice law in Wisconsin in 1978 and practices in Madison. In 1982 the Board of Attorneys Professional Responsibility (Board) privately reprimanded him for improperly discussing in an employment dispute legal work he had performed for a client. In the instant proceeding, Attorney Stokes pleaded no contest to the allegations of misconduct set forth in the complaint of the Board of Attorneys Professional Responsibility and the referee, Attorney Norman Anderson, made the following findings of fact.

In June, 1991, the state public defender appointed Attorney Stokes to represent a man in an appeal from two criminal convictions, one for being a felon in possession of a firearm and the other for two counts of armed robbery and one count of possession of a firearm. The two cases were tried together and the defendant was convicted on all counts and sentenced to four years on the firearm possession count of the first action and to 64 years, concurrent, on the two armed robbery counts. Attorney Stokes did not file any post-conviction

motion but filed a single notice of appeal from the final judgments in both cases.

The Court of Appeals assigned separate appeal case numbers to each circuit court action but Attorney Stokes made no attempt to consolidate the two appeals. Attorney Stokes filed a statement on transcript with a caption referring to both trial court case numbers but to only one of the appellate case numbers and he filed a docketing statement in one of the appeals but not in the other. The Court of Appeals dismissed the appeal in the case in which the 64-year sentence was imposed for the appellant's failure to file the required docketing statement.

In April, 1992, Attorney Stokes timely filed a brief in the remaining appeal but did not send a copy of it to his client. The client then wrote to Attorney Stokes asking for information concerning his appeal, to which Attorney Stokes responded but made no mention of the dismissal of one of the appeals and did not send a copy of his brief to the client.

The state moved to dismiss the appeal or to strike Attorney Stokes' brief as wholly inadequate and in violation of several rules of appellate procedure. The Court of Appeals granted the motion to strike and ordered Attorney Stokes to file another brief. Shortly before that motion was granted, the client had written to Attorney Stokes complaining that he had not been given the opportunity to review the appellate brief. On the day after the motion to strike was granted, Attorney Stokes told his client that he had been given until June 26, 1992 to file "additional and expanded brief material" in the Court of Appeals but he did not refer to the dismissal of the other appeal nor did he disclose that the court had struck his original brief.

After the client had asked the public defender to provide him other counsel, Attorney Stokes filed his second brief in the appeal but did not send a copy of it to his client. Thereafter, the public defender declined to provide the client new counsel but asked Attorney Stokes to send his client a copy of the appellate brief. Attorney Stokes did not do so.

Soon thereafter, the client wrote to the Court of Appeals inquiring about an appellate brief in one of the appeals and asking for new counsel to be appointed to represent him. The Court of Appeals dismissed that request as moot for the reason that the appeal to which the appellant referred was the one that had been dismissed for failure to file a docketing statement. One week later, the public defender notified the appellant that new counsel would be appointed. The appellant's new counsel was successful in reinstating the dismissed appeal.

During its investigation of his conduct in this matter, Attorney Stokes told the Board of Attorneys Professional Responsibility that in respect to the appeal that was dismissed for failure to file a docketing statement, he believed that an appeal would not be successful in obtaining reversal of the client's conviction. However, the client was unaware of any decision to abandon the appeal in that case or that the appeal had no merit. The referee found that both appeals presented meritorious issues and, because of the reinstatement of the dismissed appeal, Attorney Stokes' conduct did not cause irreparable damage to the client's appeal.

On the basis of those facts, the referee concluded that Attorney Stokes failed to pursue the client's appeal in a competent manner, in violation of SCR

20:1.1.[1] Further, his failure to file a docketing statement in one of the appeals after being ordered by the Court of Appeals to do so and his failure to move to reinstate the appeal constituted a failure to act with reasonable diligence and promptness in representing his client, in violation of SCR 20:1.3.[2] Also, his failure to provide his client a copy of briefs filed in the appeal after the client asked him to do so and to inform the client that one of the appeals had been dismissed, Attorney Stokes failed to keep the client reasonably informed of the status of his legal matter and comply with reasonable requests for information, in violation of SCR 20:1.4(a).[3] Finally, in failing to conduct a no-merit evaluation pursuant to statute and inform the client that he believed one of the appeals had no merit, Attorney Stokes failed to explain the matter to the client to the extent reasonably necessary to permit him to make informed decisions regarding the representation, in violation of SCR 20:1.4(b).[4]

---

[1] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4 provides:

**Communication**

(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 20:1.4 provides:

As discipline for that misconduct, the referee recommended that Attorney Stokes be publicly reprimanded. The referee noted that there was no evidence that Attorney Stokes knew he was incompetent in the area of criminal appeals but he should have known it. The referee expressed concern with Attorney Stokes' effort to conceal from his client that his brief had been stricken for violations of procedural rules and his failure to provide his client with a copy of either of the briefs before they were filed, despite his client's requests to see them. The referee acknowledged that Attorney Stokes cooperated fully with the Board and the district committee in this disciplinary proceeding and has shown remorse for his failures and that three attorneys testified to his good character, honesty and diligence in the practice of law.

Attorney Stokes filed an objection to the assessment of costs of the disciplinary proceeding on the ground that, prior to the hearing, he had offered to accept a Board-imposed public reprimand but the Board refused that offer. He asserted that because the referee recommended a public reprimand, he should not be assessed the costs. We reject that objection. Attorney Stokes had not stipulated to the misconduct allegations in the Board's complaint but pleaded no contest, with the result that the referee was required to examine the evidence supporting those allegations. Further, at the disciplinary hearing, Attorney Stokes took the position that a private reprimand would constitute appropriate discipline for his misconduct.

**Communication**

. . .

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

We adopt the referee's findings of fact and conclusions of law and impose the public reprimand recommended by the referee as discipline for his professional misconduct established in this proceeding.

IT IS ORDERED that Attorney David G. Stokes is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order David G. Stokes pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of David G. Stokes to practice law in Wisconsin shall be suspended until further order of the court.