In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
David G. STOKES, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

David G. STOKES, Respondent.

Supreme Court

*No. 2011AP2537–D.—Decided August 17, 2012.*

2012 WI 105

(Also reported in 818 N.W.2d 924.)

¶ 1. PER CURIAM.   Pending before the court is a report and recommendation filed on March 6, 2012, by Referee Lisa Goldman. The report recommends this court revoke the license of Attorney David G. Stokes to practice law in Wisconsin. The parties have stipulated that revocation is appropriate. We agree that revocation is appropriate and direct Attorney Stokes to pay the costs of this proceeding which total $1,562.12 as of March 26, 2012.

¶ 2.   Attorney Stokes was licensed to practice law in Wisconsin on October 17, 1978. In May 1982 Attorney Stokes was privately reprimanded for improperly discussing a client's legal matter in the context of another client matter. In 1995 he was publicly repri-

manded for failing to provide competent and diligent representation of a client and for failing to communicate with a client in a criminal appeal matter. *In re Disciplinary Proceedings Against Stokes,* 190 Wis. 2d 480, 526 N.W.2d 507 (1995). Attorney Stokes' license to practice law in Wisconsin was summarily suspended pursuant to SCR 22.20(1) by this court on September 27, 2011, due to Attorney Stokes' criminal conviction as more fully described below. His license is currently suspended.

¶ 3. On October 6, 2010, Attorney Stokes was charged in Dane County circuit court with the commission of two felonies. *State v. Stokes,* Dane County Circuit Court Case No. 2010CF1663. He was charged with felony theft, contrary to Wis. Stat. § 943.20(1)(d) and (3)(c), for billing the Wisconsin State Public Defender's Office (SPD) for 691 hours of work which he did not perform, consisting of 628 fraudulent billing entries in more than 40 client matters over a nearly four-year period, and for which he received more than $19,600. He was also charged with perjury, contrary to Wis. Stat. § 946.31(1)(c), for allegedly giving false testimony under oath before the judge in the John Doe proceeding investigating Attorney Stokes' SPD billings.

¶ 4. On May 16, 2011, upon stipulation to the facts alleged in the criminal complaint, Attorney Stokes was convicted of felony theft. The perjury charge was dismissed on the State's motion. Prior to his sentencing hearing, Attorney Stokes repaid the SPD $19,630.01. Attorney Stokes was sentenced to two years' probation with several conditions including six months incarceration, fines and costs in the amount of $6,423, and a prohibition on Attorney Stokes from working for the SPD or as a contract attorney for any government or non-profit organization.

¶ 5. Attorney Stokes' criminal conviction formed the basis for this court's order summarily suspending Attorney Stokes' license to practice law effective September 27, 2011, as well as an ensuing lawyer disciplinary complaint filed on November 2, 2011, alleging one count of violating SCR 20:8.4(b).[1] The Office of Lawyer Regulation (OLR) sought revocation of Attorney Stokes' law license. Attorney Stokes filed an answer on or about December 1, 2011, admitting all allegations, with clarification as to one paragraph.

¶ 6. Meanwhile, in addition to the OLR complaint, Attorney Stokes was also under investigation by the OLR for five additional grievances. On or about December 21, 2011, Attorney Stokes filed a petition for revocation by consent, together with an appendix detailing the alleged misconduct, in which he admitted he could not successfully defend against the allegations of misconduct reflected by the grievances. The OLR filed a response in support of the petition for revocation by consent on the same day.

¶ 7. Two of the pending grievances were filed by Brian Locke and relate to Mr. Locke's claims of fraudulent billing, allegations that Attorney Stokes committed perjury and falsified evidence during the John Doe proceeding, and allegations that Attorney Stokes refused to answer discovery requests and lied to the court in Mr. Locke's malpractice action against Attorney Stokes.

¶ 8. The third grievance was filed by Attorney Deborah Smith, director of the assigned counsel division of the SPD, relating to fraudulent billing and echoing the claims stated in the Locke grievance.

---

[1] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

¶ 9.  The fourth grievance was filed by the U.S. Trustee, who provided numerous examples of Attorney Stokes' incompetence as an attorney practicing before the Western District of Wisconsin Bankruptcy Court.

¶ 10.  The fifth and final grievance was filed by a former client, S.M., who contended that Attorney Stokes failed to properly represent her in a foreclosure action and improperly deposited her advanced fees in his business account.

¶ 11.  On December 5, 2011, Referee Lisa Goldman was appointed. She identified that neither party had discussed restitution and, on January 23, 2012, sent a letter asking the parties to state their position on restitution. On January 26, 2012, the OLR responded that it did not seek restitution.

¶ 12.  The referee filed her report on March 6, 2012. With respect to the OLR complaint, the referee found that by fraudulently billing the SPD for work he did not perform and by accepting more than $19,600 from the SPD for that work, resulting in a felony theft conviction under Wis. Stat. § 943.20(1)(d) and (3)(c), Attorney Stokes violated SCR 20:8.4(b).

¶ 13.  In his petition for consensual license revocation, Attorney Stokes has conceded that he could not defend against the five grievances that were under investigation at the time he filed his petition. The parties have stipulated that revocation is appropriate.

¶ 14.  The referee recommended that the court leave the issue of restitution open with regard to Attorney Stokes' clients in the bankruptcy matters in the U.S. District Court for the Western District of Wisconsin. On March 26, 2012, after the referee filed her report, the OLR filed a document addressing the issue of restitution. The OLR asked the court not to adopt the recommendation regarding restitution to the

bankruptcy clients, explaining that the bankruptcy court has examined the circumstances, ordered refunds in several cases, and has verified that Attorney Stokes complied with those orders for refunds.

¶ 15. However, the OLR now requests the court order Attorney Stokes to make $200 restitution to S.M., explaining that subsequent investigation revealed it would be appropriate to seek restitution in this amount. The OLR explains that this request was not made before the referee filed her report because the petition for consensual license revocation was filed before the grievances were submitted to the Preliminary Review Committee for a determination of cause to proceed. However, because this request was made subsequent to the filing of the referee's report, the report does not contain any factual findings concerning restitution to S.M.

¶ 16. When reviewing a report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous. *In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law, however, on a de novo basis. *Id.* We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 17. Upon consideration of the entire record, we accept the referee's findings of fact and agree that the facts support the legal conclusion that Attorney Stokes engaged in the professional misconduct alleged in the

OLR's complaint filed on November 2, 2011. We also agree with the referee's recommendation that we accept Attorney Stokes' petition for consensual license revocation.

¶ 18. Attorney Stokes' professional misconduct warrants the severest level of discipline that we impose, namely, the revocation of his license to practice law in Wisconsin. We concur with the referee, who noted:

> This referee is troubled by Stokes' willingness to lie, forge signatures, and fraudulently bill the SPD in furtherance of his own personal goals. He lied to a sitting court in the midst of a John Doe investigation. He lied to the SPD in order to line his pockets with extra, unearned[] cash. He forged client signatures on documents he later filed with the Western District of Wisconsin Bankruptcy Court. Equally disturbing are the allegations that his filings were filled with mistakes, and that the court personnel could not decipher the filings, or process his client's cases appropriately.
>
> . . . To consider anything less than a revocation of his license to practice law would unduly depreciate the seriousness of his misconduct and fail to deter others from engaging in similar conduct.

¶ 19. With respect to the remaining questions regarding restitution, we decline to hold the matter of restitution open with respect to the bankruptcy cases, and we decline to grant the OLR's belated request to order Attorney Stokes to pay $200 in restitution to S.M. Finally, we further determine that Attorney Stokes should be required to pay the full costs of this proceeding. SCR 22.24(1m).

¶ 20. IT IS ORDERED that the license of David G. Stokes to practice law in Wisconsin is revoked, effective the date of this order.

¶ 21. IT IS FURTHER ORDERED that within 180 days of the date of this order, David G. Stokes shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 22. IT IS FURTHER ORDERED that to the extent he has not already done so, David G. Stokes shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.