# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2906-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jon Evenson, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Jon Evenson, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST EVENSON

| | |
|---|---|
| OPINION FILED: | April 16, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP2906-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jon Evenson, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Jon Evenson,**

      **Respondent.**

**FILED**

**APR 16, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12[1] by the Office of Lawyer

---

[1] SCR 22.12 provides:

    (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the

(continued)

Regulation (OLR) and Attorney Jon Evenson. In the stipulation, Attorney Evenson agrees that, by engaging in conduct leading to a criminal conviction for one felony count of delivery of a controlled substance and two misdemeanor counts of fourth degree sexual assault, Attorney Evenson violated SCR 20:8.4(b),[2] and that he engaged in offensive personality in violation of

---

stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

[2] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

SCR 40.15,[3] enforceable via SCR 20:8.4(g).[4] He also agrees that a 30-month suspension of his license to practice law in Wisconsin is appropriate discipline for his misconduct. There is no request in this matter for a restitution award, nor is there a request for the imposition of costs against Attorney Evenson.

¶2 After careful review, we approve the stipulation and adopt the stipulated facts and conclusions regarding Attorney Evenson's two counts of misconduct as alleged in the OLR's complaint. We agree that a 30-month suspension of Attorney Evenson's license to practice law is a proper sanction. The OLR did not request and we do not impose restitution. Finally, because Attorney Evenson entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶3 Attorney Evenson was admitted to the practice of law in Wisconsin in 2001. In 2011, he received a consensual public reprimand for violating SCR 20:8.4(b) and SCR 21.15(5), based on his conviction for two misdemeanor counts of battery and one felony count of substantial battery with intent to cause bodily harm and for his subsequent failure to provide timely written

---

[3] SCR 40.15 (Attorney's Oath) provides, in relevant part, that an attorney "will abstain from all offensive personality."

[4] SCR 20:8.4(g) provides that it is professional misconduct for a lawyer to "violate the attorney's oath."

notice of the convictions to the clerk of this court and to the OLR. Public Reprimand of Jon Evenson, 2011-8. On June 3, 2014, his license to practice law was suspended for failure to comply with mandatory continuing education requirements. On October 31, 2014, he was suspended for nonpayment of State Bar dues and failure to file a trust account certification. His license remains suspended.

¶4 In the early morning hours of September 5, 2013, Attorney Evenson approached an obviously intoxicated 22-year-old woman, E.V., and her friend as they were getting into a cab outside a bar on State Street in Madison, Wisconsin. E.V. agreed to leave with Attorney Evenson despite the cab driver's effort to dissuade her. Attorney Evenson took E.V. to his downtown Madison law firm, where he provided her "Molly" (commonly known as "ecstasy") and alcohol. They had sexual intercourse at the law office. Attorney Evenson then drove the woman to his home where they had more alcohol and again engaged in sexual intercourse. The next day, E.V. awoke bruised, unsure where she was, and had difficulty recalling what had happened. She notified the police.

¶5 Attorney Evenson was criminally charged and, pursuant to a plea arrangement, pled guilty to one count of delivery of a schedule I drug, contrary to Wis. Stat. §§ 961.41(1)(b) and 939.50(3)(h) (Class H Felony), and two counts of fourth degree sexual assault, contrary to Wis. Stat. §§ 940.225(3m) and 939.51(3)(a) (Class A Misdemeanors). He was sentenced to six years on count one (three-year prison term, with three years of

4

extended supervision), and two consecutive nine-month jail terms on counts two and three. His sentence was stayed and the court imposed a three-year term of probation with conditions, including nine months in jail with Huber privileges.

¶6 The OLR filed a disciplinary complaint against Attorney Evenson on December 17, 2014, alleging that:

> [Count One] By engaging in acts leading to his convictions of one felony count of delivery of a controlled substance and two misdemeanor counts of fourth degree sexual assault, [Attorney] Evenson violated SCR 20:8.4(b).
>
> [Count Two] By urging an obviously intoxicated woman to accompany him, by providing her with "Ecstasy" and additional alcohol, and sexually assaulting her, [Attorney] Evenson engaged in offensive personality in violation of SCR 40.15, the Attorney's Oath, enforceable via SCR 20:8.4(g).

As noted above, Attorney Evenson has stipulated to the facts and misconduct as alleged in the OLR's complaint. Attorney Evenson further stipulates that a 30-month suspension of his license to practice law in this state is an appropriate sanction for his misconduct.

¶7 The stipulation states that Attorney Evenson fully understands the misconduct allegations, his right to contest this matter, the ramifications of his entry into this stipulation, and his right to consult with counsel. The stipulation further provides that Attorney Evenson entered into the stipulation knowingly and voluntarily.

¶8 The OLR filed a memorandum in support of the stipulation citing several cases in support of its request for a

5

30-month suspension. The OLR noted in its memorandum that several aggravating factors were present in this case, including that Attorney Evenson's conduct involved the illicit use and delivery of a controlled substance; that he has been previously disciplined for assaultive conduct; and that his victim was much younger and intoxicated, rendering her vulnerable to his predatory advances. In mitigation of his misconduct, the OLR noted that Attorney Evenson cooperated in the disciplinary matter and admits that he has a substance abuse issue.

¶9 After our independent review of the matter, we accept the stipulation and determine that the seriousness of Attorney Evenson's misconduct warrants a 30-month suspension of his license to practice law. We note that we have previously imposed license suspensions of comparable length in cases where attorneys have been convicted of criminal offenses. See In re Disciplinary Proceedings Against Calhoun, 196 Wis. 2d 665, 538 N.W.2d 797 (1995) (three-year suspension for conduct that resulted in two convictions for possession and delivery of cocaine and for misrepresentations to the court). We determine that a 30-month suspension of Attorney Evenson's license to practice law should suffice to protect the public, the courts, and the legal system from repetition of the misconduct, will impress upon Attorney Evenson the seriousness of his misconduct, and will deter other attorneys from committing similar misconduct.

¶10 In light of the fact that Attorney Evenson entered into a comprehensive stipulation, thereby obviating the need for

6

the appointment of a referee and for additional litigation costs, we agree with the OLR's request that the costs of this disciplinary proceeding not be assessed against Attorney Evenson.   The OLR did not request and we do not impose restitution.

¶11  IT IS ORDERED that the license of Jon Evenson to practice law in Wisconsin is suspended for a period of 30 months, effective the date of this order.

¶12  IT IS FURTHER ORDERED that, to the extent he has not already done so, Jon Evenson shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.