# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1928-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Robert W. Horsch, Attorney at Law: |

Office of Lawyer Regulation,
　　　　Complainant,
　　v.
Robert W. Horsch,
　　　　Respondent.

---

DISCIPLINARY PROCEEDINGS AGAINST HORSCH

---

| | |
|---|---|
| OPINION FILED: | December 21, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| CONCURRED/DISSENTED: | ABRAHAMSON, J. concurs and dissents (opinion filed). |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2015AP1928-D

STATE OF WISCONSIN                    :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Robert W. Horsch, Attorney at Law:**

**Office of Lawyer Regulation,**

                  **Complainant,**

            **v.**

**Robert W. Horsch,**

                  **Respondent.**

**FILED**

**DEC 21, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY   disciplinary   proceeding.   *Attorney's   license suspended.*

¶1    PER CURIAM.   We review the report and recommendation of Referee Richard M. Esenberg that Attorney Robert W. Horsch be publicly reprimanded for professional misconduct and that he pay the full costs of this proceeding, which are $1,797.03 as of February 7, 2017.   The Office of Lawyer Regulation (OLR) asked that, in addition to the public reprimand, the court impose various conditions on Attorney Horsch.   The referee recommended that implementation of the conditions be suspended for a period

of 90 days following this court's order imposing discipline. The referee made this recommendation because it appeared that Attorney Horsch wanted to voluntarily resign from the practice of law. The referee recommended that if, during the 90-day period, Attorney Horsch voluntarily resigned from the State Bar, the conditions would not need to be implemented.

¶2 We conclude that Attorney Horsch's felony conviction for fourth offense operating while intoxicated (OWI) warrants a 60-day suspension of his license to practice law rather than a public reprimand. Attorney Horsch has now indicated that he does not want to resign from the practice of law. However, his license is currently administratively suspended so he is not practicing law. Under the circumstances, we deem it appropriate to order that the conditions proposed by the OLR would take effect in the event Attorney Horsch ever resumes the active practice of law. We also deem it appropriate, as is our custom, to impose the full costs of this proceeding against Attorney Horsch.

¶3 Attorney Horsch was admitted to practice law in Wisconsin in 2003. His Wisconsin law license has been suspended since 2013 for failure to pay State Bar dues, noncompliance with continuing legal education (CLE) requirements, and failure to submit the required trust account certification to the State Bar. Attorney Horsch's prior disciplinary history consists of a private reprimand imposed for a criminal conviction for OWI, third offense, and practicing law while his license was suspended. Private Reprimand No. 2015-5 (electronic copy

2

available                                                                     at
https://compendium.wicourts.gov/app/raw/002761.html).

¶4   On September 21, 2015, the OLR filed a complaint alleging that Attorney Horsch had committed three counts of misconduct.   The complaint alleged that on the evening of September 28, 2014, a citizen called to report a person passed out in a vehicle in the middle of the road.   Sheboygan police responded and found Attorney Horsch leaned over in the driver's seat of his vehicle, sleeping.   An officer woke Attorney Horsch and noted that he did not seem to know where he was.   Attorney Horsch said he was tired and that he was not safe to drive.   He had consumed alcohol.

¶5   Because of his three prior OWI convictions, Attorney Horsch was not to operate a motor vehicle with an alcohol concentration greater than 0.02 percent.   An analyst from the State Lab of Hygiene subsequently tested a sample of Attorney Horsch's blood taken in connection with the September 28, 2014 incident and reported that Attorney Horsch's blood alcohol level was 0.24 percent.

¶6   As of September 28, 2014, Attorney Horsch's driving privileges had been revoked.   He had an occupational license, but he was operating outside of his approved hours when the officer found him.

¶7   On April 23, 2015, Attorney Horsch appeared before Judge Bourke in Sheboygan County circuit court and entered no contest pleas to fourth offense OWI, a Class H felony, and operating while revoked, an unclassified misdemeanor.   Judge

Bourke found Attorney Horsch guilty of both offenses and sentenced him to serve eight months in jail with Huber release for work and child care, plus fines and court costs, a 36-month revocation of his license to drive, and other conditions. Attorney Horsch never reported his convictions to the OLR or to the clerk of this court.

¶8 On January 7 and February 10, 2015, the OLR sent letters to Attorney Horsch seeking information about the case and advising him of his duty to cooperate with the OLR's investigation under SCRs 21.15(4), 22.03(6) and other applicable Supreme Court Rules. Attorney Horsch never responded to either letter.

¶9 The OLR's complaint alleged the following counts of misconduct:

**Count One:** By engaging in conduct leading to his conviction for the felony offense of OWI 4th and a misdemeanor conviction for Operating While Revoked, Attorney Horsch violated SCR 20:8.4(b).[1]

**Count Two:** By failing to report his conviction for the felony offense of OWI 4th and his misdemeanor conviction for Operating While Revoked to the OLR and the Clerk of the Supreme Court of Wisconsin, Attorney Horsch violated SCR 21:15(5)[2] and SCR 20:8.4(f).[3]

---

[1] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[2] SCR 21.15(5) provides:

An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk

(continued)

4

**Count Three:** By failing to respond to the OLR's investigative letters of January 7 and February 10, 2015, Attorney Horsch violated SCR 22.03(2)[4] and SCR 22.03(6).[5]

---

of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and the clerk of the supreme court of being found guilty of his or her conviction is misconduct.

[3] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[4] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides: "In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

5

The OLR asked that this court publicly reprimand Attorney Horsch. It also asked that the court impose the following conditions:

- Within 60 days of the Court's final order, Attorney Horsch must provide to the OLR signed medical releases of confidentiality for each treatment provider who has provided or is providing alcohol-related or substance abuse-related treatment, assessment or services to Attorney Horsch during the past five years, so that the OLR and each provider can share pertinent information related to Attorney Horsch, such releases to remain in effect for two years from the date Attorney Horsch signs the releases;

- Within 60 days of the Court's final order, Attorney Horsch must, at his own expense, participate in an alcohol and other drug abuse (AODA) and mental health assessment by a person of the OLR's choosing, which shall make specific written recommendations, if appropriate, for Attorney Horsch's treatment or maintenance. The assessment must be provided to the OLR;

- Attorney Horsch must submit to monitoring within 30 days of the date of the assessment, as directed by the OLR; and for a period of two years beginning on the date of his entry into a monitoring program must comply with all monitoring requirements, including all requirements determined to be appropriate by the Wisconsin Lawyers' Assistance Program (WisLAP) or the OLR's designated monitor;

- Attorney Horsch must refrain from the consumption of alcohol and any mood-altering drugs without a valid prescription while subject to monitoring.

¶10 Attorney Horsch filed an answer on November 23, 2015. He admitted receiving the letters sent by the OLR and further admitted that he did not report his convictions to either the OLR or the clerk of this court. He said he did not believe he

6

was required to report the convictions or respond to the OLR because he is not a lawyer since his license to practice law was administratively suspended in 2013.

¶11 The referee was appointed on January 5, 2016. Both Attorney Horsch and the OLR moved for summary judgment. The OLR claimed it was entitled to summary judgment because Attorney Horsch did not deny committing the alleged violations. Attorney Horsch argued the case should be dismissed because he no longer practices law, is currently administratively suspended from practice, and does not intend to ever practice again. Attorney Horsch continued to argue that he was not an attorney and is no longer subject to the supreme court rules governing the conduct of attorneys. Accordingly, Attorney Horsch claimed that the OLR has no jurisdiction over him.

¶12 The referee issued his report and recommendation on January 20, 2017. The referee rejected Attorney Horsch's claim that because he is already administratively suspended, he is not an attorney and is not subject to discipline. The referee pointed out that SCR 21.15(1) provides that an attorney "admitted to practice law or practicing law in Wisconsin is subject to the lawyer regulation system . . .." The referee also noted that SCR 10.03(7), which governs voluntary resignation from the bar, requires an attorney to make a request for resignation and provides that such a resignation is not accepted until this court determines if the attorney seeking resignation is subject to any pending grievances, investigations, or proceedings. The referee opined that

7

voluntary resignation would not be subject to regulation or procedural requisites if it could be accomplished by simply ceasing to practice law.

¶13 The referee went on to say the conclusion that Attorney Horsch is not yet free of the regulatory system is also supported by SCR 10.03(3)(1), which provides that membership in the state bar consists of all persons licensed to practice law in the state. The referee said Attorney Horsch is one of those persons, even though his license has been suspended for failure to pay dues and fulfill CLE requirements.

¶14 Attorney Horsch argued that this court should not care about a person who is not practicing law. The OLR countered that, if Attorney Horsch is correct, a lawyer could evade responsibility for planned misconduct by strategically orchestrating his or her suspension. The referee noted that a lawyer who "resigns" by inactivity and suspension for failure to pay dues and earn CLE credits can easily "un-resign" by paying back dues and earning the necessary credits. The referee said, "If inactivity and suspension blocks discipline, such a lawyer will be returned to practice without facing professional discipline for his or her past misconduct."

¶15 The referee went on to say, "Unlike a lawyer who is seeking to become licensed for the first time, there would be no examination of the character and fitness of someone who simply catches up on her bar dues and CLE credits. Yet the public ought to be protected from those attorneys whose conduct during a period of inactivity calls their character and fitness into

8

question." The referee also said, "Criminal conduct or a decision to drive under the influence or addiction to drug or alcohol, for example, is not irrelevant because an attorney was not actively practicing at the time."

¶16 The referee further noted that this court has routinely exercised jurisdiction over attorneys, like Attorney Horsch, who have been suspended. The referee said, "[ ]Horsch holds the key that will release him from 'imprisonment' within the bar in his own hands. All he has to do is comply with the legal requirements to resign from the bar." The referee said if Attorney Horsch voluntarily resigns from the bar and later seeks readmission, this court will be able to demand whatever proof it deems necessary to protect the public. Accordingly, the referee recommended that this court publicly reprimand Attorney Horsch for the three counts of misconduct alleged in the OLR's complaint. The referee further recommended that the implementation of the conditions requested by the OLR be suspended for 90 days and if, during that period of time, Attorney Horsch voluntarily resigns from the Bar, then the conditions need not be implemented and if, at any time during the pendency of the conditions Attorney Horsch resigns from the bar, the conditions need not be continued.

¶17 On May 15, 2017, this court issued an order directing Attorney Horsch that, if he wished to resign his membership in the State Bar of Wisconsin, he should file a petition to voluntarily surrender his Wisconsin law license. Attorney Horsch was informed that this court's consideration of the

9

pending disciplinary matter would be held in abeyance for 20 days and in the event he filed a petition to voluntarily surrender his license within that time, his request for a voluntarily resignation from the State Bar would be considered along with the pending disciplinary proceeding. Attorney Horsch was informed that if he did not file a petition to voluntarily surrender his license to practice law within that time, this court would proceed with its review of Referee Esenberg's report and recommendation.

¶18 On June 7, 2017, Attorney Horsch filed a response to this court's May 15, 2017 order saying that he does not want to voluntarily resign his membership in the State Bar of Wisconsin. Rather, he requests to change his status with the State Bar from active to inactive.[6] In light of Attorney Horsch's response, the referee's report and recommendation is now ripe for review.

¶19 This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary

---

[6] SCR 10.03(3) provides: " . . . The class of inactive members includes those persons who are eligible for active membership but are not engaged in the practice of law in this state and have filed with the secretary of the association written notice requesting enrollment in the class of inactive members."

Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶20 We adopt the referee's findings of fact and conclusions of law that Attorney Horsch violated the supreme court rules as alleged in the three counts set forth above. Upon careful consideration we conclude, however, that a 60-day suspension, rather than a public reprimand, is an appropriate level of discipline.

¶21 We note that in In re Disciplinary Proceedings Against Brandt, 2009 WI 43, 317 Wis. 2d 266, 766 N.W.2d 194, (Brandt I) an attorney was publicly reprimanded as the result of convictions for third and fourth offense OWI in Wisconsin and third offense OWI in Minnesota. In addition, Attorney Brandt failed to adequately supervise an employee. In Brandt I, we noted that the question of whether to impose another reprimand or a suspension was a very close call but ultimately concluded that another public reprimand, coupled with conditions that Attorney Brandt undergo alcohol and drug assessment and refrain from the consumption of alcohol and other non-prescription drugs, was appropriate. Attorney Brandt had previously received one private reprimand and two public reprimands.

¶22 Justice Ann Walsh Bradley dissented in Brandt I and said the appropriate sanction would be a suspension in the range of 60 days to six months, given Attorney Brandt's acknowledgement that he was addicted to alcohol. Justice Bradley's concerns were ultimately borne out since Attorney Brandt was arrested for OWI in Minnesota less than eight months

11

after the 2009 public reprimand was imposed. See In re Disciplinary Proceedings Against Brandt, 2012 WI 8, 338 Wis. 2d 524, 808 N.W.2d 687. (Brandt II). In Brandt II, Attorney Brandt's license was suspended for four months.

¶23 Attorney Horsch's multiple OWI convictions are unquestionably a serious failing that "reflects adversely on his fitness as a lawyer in other respects." SCR 20:8.4(b). Attorney Horsch's four drunk driving convictions evince an irresponsible attitude toward the law. In addition, as Justice Ann Walsh Bradley noted in her dissent in Brandt I, although Attorney Horsch states that he has remained sober since September 2014, there is no evidence in the record apart from his own self-serving statements that he is indeed maintaining sobriety. "Given the concept of progressive discipline, the nature of the multiple offenses, and a record that leaves unanswered questions about [Attorney Horsch's] sobriety," Brandt I, 317 Wis. 2d 266, 289 (Bradley J., dissent), we conclude that a 60-day suspension of Attorney Horsch's license to practice law in Wisconsin is an appropriate sanction.

¶24 As to the conditions proposed by the OLR, given that Attorney Horsch's license to practice law is currently administratively suspended and he does not wish to voluntarily resign his membership in the State Bar of Wisconsin, we deem it appropriate to order that the conditions shall commence at such time, if any, that Attorney Horsch's license to practice law is reinstated. Finally, we deem it appropriate, as is our usual

12

custom, to impose the full costs of the disciplinary proceeding on Attorney Horsch.

¶25 IT IS ORDERED that the license of Robert W. Horsch to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶26 IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert W. Horsch shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,797.03 as of February 7, 2017.

¶27 IT IS FURTHER ORDERED that, to the extent that he has not already done so, Robert W. Horsch shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶28 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶29 IT IS FURTHER ORDERED that in the event Robert W. Horsch's license to practice to law in Wisconsin is reinstated, and until further order of the court, he shall be subject to the following conditions:

- Within 60 days of his reinstatement, Attorney Horsch must provide to the Office of Lawyer Regulation signed medical releases of confidentiality for each treatment provider who has provided or is providing alcohol-related or substance abuse-related treatment, assessment or services to Attorney Horsch during the past five years, so that the Office of Lawyer Regulation and each provider can share pertinent information related to Attorney Horsch, such releases to

13

remain in effect for two years from the date Attorney Horsch signs the releases;

- Within 60 days of his reinstatement, Attorney Horsch must, at his own expense, participate in an alcohol and other drug abuse (AODA) and mental health assessment by a person of the Office of Lawyer Regulation's choosing, which shall make specific written recommendations, if appropriate, for Attorney Horsch's treatment or maintenance. The assessment must be provided to the Office of Lawyer Regulation;

- Attorney Horsch must submit to monitoring within 30 days of the date of the assessment, as directed by the Office of Lawyer Regulation; and for a period of two years beginning on the date of his entry into a monitoring program must comply with all monitoring requirements, including all requirements determined to be appropriate by the Wisconsin Lawyers' Assistance Program (WisLAP) or the Office of Lawyer Regulation's designated monitor;

- Attorney Horsch must refrain from the consumption of alcohol and any mood-altering drugs without a valid prescription while subject to monitoring.

¶30 IT IS FURTHER ORDERED that Robert W. Horsch's administrative suspension for failure to pay State Bar dues, noncompliance with continuing legal education requirements, and failure to submit the required trust account certification to the State Bar shall remain in effect.

14

¶31 SHIRLEY S. ABRAHAMSON, J. *(concurring in part and dissenting in part).* A criminal conviction of OWI by a Wisconsin licensed lawyer does not in and of itself automatically constitute professional misconduct. See State v. Adent, 2016 WI 19, ¶18, 367 Wis. 2d 372, 877 N.W.2d 364 (Abrahamson, J., dissenting). Although I agree with many parts of the per curiam, I conclude that imposing a 60-day suspension in light of Attorney Horsch's prior disciplinary history, including a private reprimand for a criminal conviction of OWI, third offense, is an insufficient sanction.