# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1775-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Robert W. Horsch, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Robert W. Horsch,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HORSCH

| | |
|---|---|
| OPINION FILED: | February 7, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1775-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Robert W. Horsch, Attorney at Law:**

**Office of Lawyer Regulation,**

      Complainant,

   v.

**Robert W. Horsch,**

      Respondent.

**FILED**

**FEB 7, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12[1] by the Office of Lawyer Regulation

---

[1] SCR 22.12 provides:

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme court may approve the stipulation, reject the stipulation, or direct the parties to consider specific modifications to the stipulation.

(OLR) and Attorney Robert W. Horsch. In the stipulation, Attorney Horsch admits that he violated SCR 20:8.4(b)[2] and agrees that a three-year suspension of his law license is appropriate.

¶2 After careful review of the matter, we accept the stipulation. Because Attorney Horsch entered into a comprehensive stipulation prior to the appointment of a referee, we do not require him to pay the costs of this proceeding.

¶3 Attorney Horsch was admitted to practice law in Wisconsin in 2003. His law license has been suspended since June 2, 2014 for failure to comply with continuing legal education

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

[2] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

requirements, since October 31, 2014 for failure to pay State Bar of Wisconsin dues and certify trust account information, and since December 21, 2017 for professional misconduct.

¶4 Attorney Horsch's disciplinary history consists of two prior matters: (1) a 2015 private reprimand with consent, for engaging in conduct leading to a criminal conviction in violation of SCR 20:8.4(b); and practicing law while his license was suspended in violation of SCR 22.26(2), enforceable via SCR 20:8.4(f). Private Reprimand 2015-5 (electronic copy available at https://compendium.wicourts.gov/app/raw/002761.html); and (2) a 60-day suspension of his license to practice law in Wisconsin imposed in 2017 for engaging in conduct leading to a criminal conviction in violation of SCR 20:8.4(b); failing to report the conviction to the court and the OLR in violation of SCR 21.15(5), enforceable via SCR 20:8.4(f); and failing to respond to the OLR's investigative letters in violation of SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h). In re Disciplinary Proceedings Against Horsch, 2017 WI 105, 378 Wis. 2d 554, 905 N.W.2d 129.

¶5 The actions giving rise to this misconduct proceeding occurred on May 1, 2018. Attorney Horsch was driving with five of his children as passengers. He did not secure his two youngest children into their car seats. The two children, 22 months and three years old, fell out of the rear doors of the moving van and were injured, one seriously. Attorney Horsch continued to drive, unaware the children had fallen from the van. Other motorists witnessed the incident and rescued the two children from the

roadway. The children were transported to a hospital, treated, and identified. Police then went to Attorney Horsch's residence to speak with him.

¶6 The responding officer suspected that Attorney Horsch was under the influence of a non-alcoholic intoxicant. Attorney Horsch refused to perform field sobriety tests but submitted to a breathalyzer test. A warrant was obtained, a blood test performed, and the results showed an exceedingly high level of dextromethorphan, a controlled substance commonly found in cough medicine.

¶7 On September 10, 2018, Attorney Horsch was charged with eight felonies, including neglecting a child resulting in great bodily harm, neglecting a child resulting in harm, knowingly operating a motor vehicle while revoked resulting in great bodily harm and five counts of operating while intoxicated (OWI) for a 5th or 6th offense with a passenger under the age of 16. State v. Horsch, Sheboygan County Circuit Court, No. 2018CF289.

¶8 On February 5, 2019, he pled guilty to and was convicted of one felony count of neglect of a child resulting in great bodily harm, and one felony count of operating a motor vehicle while intoxicated (5th or 6th offense) with a passenger under the age of 16. Two charges (child neglect causing bodily harm and operating while revoked) were dismissed but read in. The four remaining charges were dismissed. Attorney Horsch was sentenced to three years and six months prison, and five years of extended supervision.

4

¶9  On September 19, 2019, the OLR filed a disciplinary complaint alleging that by engaging in the conduct leading to the two felony convictions, Attorney Horsch violated SCR 20:8.4(b). Supreme Court Rule 20:8.4(b) provides that it "is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶10  Attorney Horsch stipulated to the factual allegations in the OLR's complaint, to the alleged misconduct, and to a three-year suspension of his law license.  The stipulation states that it did not result from plea-bargaining.  In the stipulation Attorney Horsch states that he fully understands the misconduct allegations; that he fully understands the ramifications should the court impose the stipulated level of discipline; that he fully understands his right to contest this matter; that he fully understands his right to consult with counsel; that his entry into this stipulation is made knowingly and voluntarily; that he has read the complaint and the stipulation; and that his entry into the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR's Director.  Attorney Horsch notes that he is incarcerated and is indigent and asks the court to waive the costs of this proceeding.

¶11  We consider this stipulation without the appointment of a referee.  SCR 22.12.  We first consider whether the felony conviction constitutes a violation of SCR 20:8.4(b).  The question is whether the criminal act committed by Attorney Horsch reflects

adversely on his honesty, trustworthiness, or his "fitness as a lawyer in other respects." This is a fact dependent inquiry. Indeed, in one instance we determined that a lawyer's felony conviction for a deadly one-vehicle drunk driving accident did not violate SCR 20:8.4(b). In re Disciplinary Proceeding Against Johns, 2014 WI 32, 353 Wis. 2d 746, 847 N.W.2d 179 (holding that lawyer's conduct did not violate SCR 20:8.4(b) in light of the record evidence indicating the exceedingly anomalous nature of the tragic incident with respect to Attorney Johns' overall conduct).

¶12 By contrast, this was not Attorney Horsch's first criminal or disciplinary offense. A pattern of convictions "evinces a serious lack of respect for the law and as such relate[s] to [a lawyer's] 'fitness as a lawyer in other respects.'" In re Disciplinary Proceedings Against Brandt, 2009 WI 43, ¶42, 317 Wis. 2d 266, 766 N.W.2d 194 (discussing a lawyer's multiple OWI convictions). We agree that Attorney Horsch's commission of the criminal act in this instance violated SCR 20:8.4(b).

¶13 The next question is the appropriate sanction for the admitted misconduct. In support of the three-year suspension to which the parties stipulated, the OLR emphasizes that Attorney Horsch's misconduct was intentional, and that he has been convicted four times previously for operating a vehicle while intoxicated. The OLR cites several disciplinary cases in support of the three-year suspension, including In re Disciplinary Proceedings Against Evenson, 2015 WI 38, 361 Wis. 2d 629, 861 N.W.2d 786 (imposing 30-month license suspension based on conviction for one felony count of delivery of a controlled substance and two misdemeanor

convictions for fourth-degree sexual assault, where the lawyer had one prior public reprimand); In re Disciplinary Proceedings Against Moore, 2013 WI 96, 351 Wis. 2d 332, 839 N.W.2d 605 (imposing three-year license suspension for mishandling of a guardianship matter, and lawyer's conviction of misdemeanor possession of a controlled substance (THC) and drug paraphernalia where the lawyer had no prior disciplinary history); In re Disciplinary Proceedings Against Woodmansee, 147 Wis. 2d 837, 434 N.W.2d 94 (1989) (imposing three-year license suspension for conviction for fourth-degree sexual assault of a client where lawyer had no prior disciplinary history); and In re Disciplinary Proceedings Against Stokes, 2012 WI 105, 343 Wis. 2d 561, 818 N.W.2d 924 (revoking law license for conviction of one count of felony theft for overbilling the State Public Defender's office of over $19,000 in fees where lawyer had two prior reprimands).

¶14 We have some concerns that the three-year suspension to which the parties stipulated is overly long, even considering that the discipline imposed in lawyer misconduct cases is generally progressive. See, e.g., In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, ¶27, 296 Wis. 2d 47, 719 N.W.2d 501. While the cases cited by the OLR bear some resemblance to this case, each also involves some conduct that is quite distinct from what occurred here. This is not a case in which the attorney abused his professional status as a lawyer in committing a criminal act. Attorney Horsch violated no practice norms, harmed no clients, and did not benefit from his misconduct. He has been arrested, convicted, sentenced, and is incarcerated for his

7

actions. The OLR does not cite to the Johns case, which has some parallels: both involved a lawyer driving under the influence, with family in the vehicle, and with a tragic result. No suspension was imposed in that case. Johns, 353 Wis. 2d 746. We also find instructive In re Disciplinary Proceedings Against Brandt, 2012 WI 8, 338 Wis. 2d 524, 808 N.W.2d 687, where we imposed a four-month suspension on Attorney Brandt, consistent with the parties' stipulation, after he received a felony conviction in Minnesota of first-degree driving while intoxicated within ten years of the first of three or more qualified prior impaired driving incidents.

¶15 However, we recognize that the three-year suspension to which the parties stipulated correlates roughly with the prison sentence imposed on Attorney Horsch. A lengthy suspension is appropriate to ensure that Attorney Horsch is precluded from practicing law while incarcerated for a criminal conviction. See, e.g., In re Paine, 625 S.E.2d 768 (Ga. 2006) (suspending attorney from the practice of law until his probation on a felony conviction is terminated). So, despite our concern that a three-year suspension is excessive given the nature of the admitted misconduct, we accept the parties' stipulation.

¶16 Considering all of the above, we accept the stipulation, adopt the stipulated facts and conclusions of law, and we suspend Attorney Horsch's law license for a period of three years. Because this matter has been resolved by stipulation without the appointment of a referee and the OLR has not sought the imposition of any costs, we impose no costs. Therefore,

¶17  IT IS ORDERED that the license of Robert W. Horsch to practice law in Wisconsin is suspended for a period of three years, effective the date of this order.

¶18  IT IS FURTHER ORDERED that if he has not already done so, Robert W. Horsch shall comply with the provisions of SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.